# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| G. JOHN CENTO, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SPEEDWAY LLC, <br><br> Defendant. | Case No. 1:18-cv-360 |

## NOTICE OF REMOVAL

Defendant Speedway LLC ("**Speedway**") hereby removes this case from the Marion Superior Court, Indiana, to the United States District Court for the Southern District of Indiana, Indianapolis Division. The factual and legal grounds supporting this Notice of Removal are described below.

1. Plaintiff G. John Cento ("**Cento**") filed his Class Action Complaint on January 4, 2018, in the Marion Superior Court of Indiana under Case No. 49D10-1801-CT-000289.

2. Cento served the Complaint on Speedway's registered agent by certified mail on January 8, 2018.

3. Cento is a citizen of the state of Indiana. (Complaint ¶ 4.)

4. Speedway is a Delaware limited liability company with its principal place of business in Ohio. Speedway's sole member is MPC Investment LLC, which is a Delaware limited liability company whose sole member is Marathon Petroleum Corporation. Marathon Petroleum Corporation is a Delaware corporation with its principal place of business in Ohio. Accordingly, Speedway is a citizen of Delaware and Ohio.

5. Cento seeks to represent three classes of people under Indiana Trial Rule 23, which is similar to Rule 23 of the Federal Rules of Civil Procedure. Cento defines those classes as follows:

> **Class 1:**
> All persons who purchased gasoline from a single-hose blender pump at a fueling station owned and/or operated by Speedway in the state of Indiana within two (2) years of the filing of this action, and which gasoline was of a higher octane rating than the octane rating of the gasoline pumped from that pump immediately before that purchase.
>
> **Class 2:**
> All persons who purchased gasoline from a single-hose blender pump at a fueling station owned and/or operated by Speedway in the state of Indiana within four (4) years of the filing of this action, and which gasoline was of a higher octane rating of the gasoline pumped from that pump immediately before that purchase.
>
> **Class 3:**
> All persons who purchased gasoline from a single-hose blender pump at a fueling station owned and/or operated by Speedway in the state of Indiana within six (6) years of the filing of this action, and which gasoline was of a higher octane rating than the octane rating of the gasoline pumped from that pump immediately before that purchase.

(Complaint ¶ 23.)

6. Cento further alleges that the "Classes are likely comprised of thousands of individuals." (Complaint ¶ 24.)

7. Although Cento does not allege the amount of damages he is seeking on behalf of himself or the classes he seeks to represent, his class allegations and theories of the case show that the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

8. Speedway sold from a single-hose blender pump at its Indiana stations during the last six years more than 107,000,000 gallons of plus gasoline, with octane labeled 89 or higher, and more than 152,000,000 gallons of premium gasoline, with octane labeled 91 or higher.

9. Speedway estimates that customers buy, on average, approximately 15 gallons of gasoline during each transaction.

10. Accordingly, during the last six years, there have been approximately 7,133,333 sales of plus gasoline and approximately 10,133,333 sales of premium gasoline.

11. The price difference between plus gasoline and 87 octane gasoline during the last six years varied, but the average price difference was approximately $0.30 per gallon. The price difference between premium gasoline and 87 octane gasoline during the last six years likewise varied, but the average price difference was approximately $0.60 per gallon.

12. The hoses Speedway uses at its stations have a capacity of approximately ¾ of a gallon of gasoline.

13. According to Cento's allegations, for each of the more than 17,000,000 sales during the last six years, a buyer may have received gasoline of a lower octane for up to ¾ of a gallon of the buyer's transaction.

14. While it is unknown for how many of those transactions the sales preceding the sales that form the bases for Cento's claims were for 87 octane gasoline, it is possible to calculate the approximate damages, based on Cento's theory of the case, if all the preceding transactions were for 87 octane gasoline. Those damages during the last six years (the relevant period for Class III) may total more than $6,000,000, as shown below.

| Approximate Transactions in Plus Gasoline | Alleged loss from overcharge of $0.30 on ¾ of one gallon | Approximate Transactions in Premium Gasoline | Alleged loss from overcharge of $0.60 on ¾ of one gallon | Total Alleged Potential Losses |
|---|---|---|---|---|
| 7,133,333 | $1,605,000 | 10,133,333 | $4,600,000 | $6,205,000 |

15. In Count I of the Complaint, Cento asserts a claim under the Indiana Deceptive Consumer Sales Act for sales of gasoline that occurred during the two years before the filing of the Complaint.

3

16. Cento seeks to recover statutory damages and attorneys' fees, in addition to actual damages. (Complaint ¶ 51.)

17. Approximately one third of the transactions set forth in paragraph 14, above, occurred during the last two years.

18. Accordingly, the total potential damages for the last two years are approximately $2,068,333.

19. A consumer may recover up to three (3) times the actual damages in an action under the Indiana Deceptive Consumer Sales Act. Ind. Code § 24-5-0.5-4.

20. Thus, damages under Count I could exceed $6,000,000, plus attorneys' fees.

21. Those damages are in addition to the more than $6,000,000 Cento is seeking in Count IV for sales occurring during the last six years.

22. Accordingly, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

23. Therefore, Speedway may remove this class action from the Marion Superior Court, Indiana, to this Court because:

   a. Cento is a citizen of a state different from Speedway;

   b. the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs; and

   c. the number of members of all proposed plaintiff classes in the aggregate is at least 100.

28 U.S.C. § 1332(d).

24. By presenting this calculation of potential damages and removing this case from the Marion Superior Court, Speedway does not admit any of the allegations in the Complaint,

does not admit it is liable for any damages, and does not waive any defenses available to it. Rather, Speedway presents the calculation above only to show the amount in controversy based upon Cento's theories of the case—theories Speedway will contest.

25. Speedway has timely removed this case under 28 U.S.C. § 1446(b) because it has filed this Notice of Removal within 30 days after it received the Summons and Complaint.

26. Venue is proper in this Court under 28 U.S.C. §§ 1441 and 1454 because this case was filed in the Marion Superior Court, Indiana.

27. This case is not brought against a railroad or its receivers or trustees, is not brought against a carrier or its receivers or trustees, does not arise under the workers' compensation laws of any state, and does not arise under the Violence Against Women Act of 1994. Therefore, this case is not among the actions made non-removable by 28 U.S.C. § 1445.

28. After filing this Notice of Removal, Speedway will promptly serve written notice of this Notice of Removal on the lawyers representing Cento and notify the Clerk of the Marion Superior Court, Indiana, in accordance with 28 U.S.C. § 1446(d).

29. Authentic copies of all process, pleadings, and orders served on Speedway are attached to this Notice of Removal as **Exhibit 1**.

WHEREFORE, Defendant Speedway LLC prays that the entire state court action, under Cause No. 49D10-1801-CT-000289, now pending in the Marion Superior Court of Indiana, be removed to this Court for all further proceedings.

Date: February 7, 2018

FROST BROWN TODD LLC

By: /s/Darren A. Craig
Alan S. Brown, #3536-49
Darren A. Craig, #25534-49
Jenai M. Brackett, #30025-49
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone:   (317) 237-3800
Facsimile:    (317) 237-3900
Email:          abrown@fbtlaw.com
                    dcraig@fbtlaw.com
                    jbrackett@fbtlaw.com

Attorneys for Defendant Speedway LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2017, a copy of the foregoing document was served by electronic mail and by first-class United States Mail, postage prepaid and properly addressed to:

| | |
|---|---|
| Walter J. Alvarez | Eric S. Pavlack |
| Brock Alvarado | Colin E. Flora |
| Steven J. Alvarez | Robert Cooper |
| ALVAREZ LAW OFFICES | PAVLACK LAW, LLC |
| 1524 West 96th Avenue | 255 North Alabama Street |
| Crown Point, Indiana 46307 | Suite 301 |
| alvarezpclaw@aol.com | Indianapolis, IN 46204 |
| brock@gowithalvarez.com | Eric@pavlacklawfirm.com |
| steven@gowithalvarez.com | Colin@pavlacklawfirm.com |
| | Robert@pavlacklawfirm.com |

/s/Darren A. Craig
Darren A. Craig

0126183.0656096  4850-7756-5532v1